**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:
LARRY SHANNON VINSON				CASE NO.: 8:05-bk-28842-CPM

    Debtor,						Chapter 7
_____/

JAMES B. PARTON and DEBORAH L.
PARTON,

    Plaintiffs,
vs.

LARRY SHANNON VINSON
_____/

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT**

Plaintiffs, James B. Parton and Deborah L. Parton (the "Partons"), unsecured creditors, sue Defendant Larry Shannon Vinson ("Debtor"), pursuant to 11 U.S.C. §523(a)(6) and state:

### I.   GENERAL ALLEGATIONS

#### A. Parties

1. The Partons are married and reside in Pasco County, Florida.

2. Defendant, Vinson, is a Debtor pursuant to Chapter 7 of the United States Bankruptcy Code in the above-styled case.

#### B. Jurisdiction

3. Plaintiffs filed a Complaint against the Debtor, among other defendants, in the Circuit Court in and for Pasco County, Florida under case Number 00-5126, alleging various tort and contract law claims.

4. On October 16, 2005, Debtor filed his Voluntary Bankruptcy Petition for Relief in the Middle District of Florida, Tampa Division.

5. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). Accordingly, this Court has jurisdiction of this cause pursuant to the provisions of 28 U.S.C. § 157(b)(1).

## II.  FACTS

6. The Partons sued the Debtor in state trial court (the Trial Court) in Pasco County, Florida, alleging various tort and contract law claims.

7. The state court action arose from the following facts established at trial:

    i. Palomino Lakes POA maintains and operates a private, common roadway in the gated community known as Palomino Lakes Subdivision (the "Subdivision") in Pasco County, Florida.

    ii. The Partons and Debtor are landowners in the Subdivision.

    iii. On July 25, 2000, the Partons purchased a modular home (the "Home") from Prestige Home Centers, Inc., for approximately $142,177.90, to live in at the Subdivision.

    iv. When Debtor and the other defendants learned of the Partons' purchase, they erroneously believed the Home to be a mobile home in violation of the Subdivision's deed restrictions.

    v. On August 1, 2000, Hoffman Trucking ("Hoffman") attempted delivery of the Home to the Partons' property in the Subdivision.

vi. When Hoffman and Mr. Parton arrived at the gated entrance of the Subdivision, the Debtor and other defendants partially blocked the gate so Hoffman's truck could not pass.

vii. Debtor, who was an officer with the Florida Fish and Wildlife Commission, was at the gate in his marked car, armed with a gun and wearing his uniform and badge, facing Mr. Parton in a manner intended to intimidate him.

viii. Two days later, Hoffman made another attempt to deliver the Home.

ix. After one section of the home was delivered to the property, Debtor and other defendants again blocked the way.

x. A chain was placed on the gate so it would not fully open.

xi. Mr. Parton asked Debtor to open the gate, to which Mr. Vinson replied, "that thing wasn't coming through the gate. There was no way in hell that was coming through the gate if I had anything to do with it."

xii. Mr. Parton nonetheless removed the chain with pliers.

xiii. After the gate was opened, Debtor placed his vehicle in the roadway to again block the roadway so Hoffman's truck could not pass.

xiv. A Pasco County Deputy Sheriff was called by the delivery company and the Deputy issued trespass warnings to Debtor and his wife.

xv. Hoffman was finally able to get the second part of the three sections of the Home through the gate.

xvi. Despite the trespass warnings, the Vinsons and other defendants moved their cars and a golf cart a little farther down the road forming another blockade.

xvii. Mrs. Parton again called the Sheriff's Office. While a deputy was there, Mr. Parton went to where the Debtor and others were sitting in lounge chairs in a neighbor's driveway.

xviii. Mr. Parton asked Debtor if he would please move his vehicle out of the roadway, to which Debtor replied "huh?" causing Mr. Parton to repeat himself, after which Debtor at his wife and said, "do you hear something," continuing to ignore Mr. Parton and making fun at Mr. Parton's expense.

xix. Mr. Parton was humiliated and embarrassed and left the scene.

xx. The blockade was still in effect the next day when Hoffman again attempted to bring the final section of the home into the Subdivision.

xxi. By the next day, the two sections of the Home that were left on the side of the road had been vandalized.

8. On May 24, 2004, the Partons received a judgment in their favor against the Debtor in the amount of $61,250. The judgment provided that $1,250.00 was in compensatory damages, and $60,000.00 was in punitive damages. In the judgment, the Trial Court reserved ruling on awarding the Partons attorneys' fees and costs.

9. The jury in the underlying state court action found that Debtor acted with the specific intent to do harm to the Partons and did do harm to the Partons.

10. Debtor was found liable for breach of contract, permanent injunction, tortuous interference with contract, and civil conspiracy.

11. Due to the acts of the Debtor, the Partons were forced to obtain a temporary injunction from the Trial Court prohibiting the Debtor from blocking access to their property.

12. The evidence at trial proved Debtor's actions were willful, wonton, malicious, reckless, oppressive, outrageous, and insulting sufficient to state a claim for punitive damages under Florida law.

13. On April 6, 2005, the Trial Court ordered that the Partons were entitled to attorneys' fees and costs in the amount of $240,000.00, but apportioned the attorneys' fees on a pro-rata basis among the defendants (the Attorneys' Fees Order). Thus, the Attorneys' Fees Order stated that the Partons were entitled to recover $126,070.95 from the Debtor for their attorneys' fees and costs.

14. The Partons appealed the Attorneys' Fees Order.

15. On October 16, 2005, Debtor filed his Voluntary Petition under Chapter 13 of the United States Bankruptcy Code. Debtor's wife, Ila Vinson, separately filed her

16. On April 28, 2006, the Second District Court of Appeal reversed the Trial Court's Attorneys' Fees Order and held that the Partons were entitled to a judgment against the Debtor for the entire attorneys' fees award because the Debtor was jointly and severally liable. The Appellate Court also ruled that the Trial Court improperly reduced by twenty-five percent (25%) the attorneys' fees from $300,000.00 to $240,000.00 with no factual basis.

17. On August 1, 2006, an Amended Final Judgment on Attorneys' Fees and Costs was entered against Ila Vinson, Larry Vinson, and Linda Dreibelbis, jointly and severally in the amount of $308,306.80. An additional Amended Final Judgment on Attorneys' Fees and Costs was entered against Ila Vinson and Larry Vinson in the amount of $42,077.00.

18. The Partons are the holders of a liquidated claim in the approximate amount of $411,633.80, as a result of the Final Judgment awarding compensatory and punitive damages dated May 24, 2004 and the order granting the Partons' Motion for Attorneys' Fees and Costs (the "Order") dated April 6, 2005.

19. Debtor willfully and maliciously injured the Partons resulting in the judgment and award of attorney's fees that form the basis of the Partons' claim.

20. Debtor's willful and malicious conduct exempts the Partons' $411,633.80 Claim against Debtor from discharge pursuant to 11 U.S.C. § 523(a)(6).

21.     Accordingly, this debt should not be discharged.

WHEREFORE, Plaintiffs, James B. Parton and Deborah L. Parton respectfully request that the Court enter a judgment: (i) finding that the state court judgment of $411,633.80 is a non-dischargeable debt of Debtor, Larry Vinson, pursuant to 11 U.S.C. § 523(a)(6); (ii) in favor of the Partons, and against Debtor, for $411,633.80, together with interest, costs and attorneys' fees; and (iii) for such other and further relief as the Court deems appropriate.

  /s/ J. Meredith Wester
**J. MEREDITH WESTER**
Florida Bar Number 881317
**MICHAEL J. BRADFORD**
Florida Bar Number 184314
**MECHANIK NUCCIO**
**HEARNE & WESTER, P.A.**
18560 N. Dale Mabry Highway
Lutz, Florida 33548
Telephone:  (813) 968-1002
Facsimile:  (813) 968-1502
Attorney for Creditors, James B. Parton and Deborah L. Parton

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of April, 2008 a true and correct copy of the foregoing Complaint To Determine Non-Dischargeability Of Debt And For Damages Against Debtor has been furnished via U.S. Mail upon the local rule 1007-2 parties in interest list and upon each party on the matrix: David W. Steen, David W. Steen, PA, 602 South Boulevard, Tampa, FL 33606-2630; Larry Shannon Vinson, 17725

Palomino Lakes Drive, Dade City, FL 33523-1925, and Jon Waage, PO Box 25001, Bradenton, FL 34206-5001.

                                                         /s/ J. Meredith Wester  
                                                            Attorney